**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> CHACE DEAN SANDERS, ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. 2:14-cr-0024-APG-GWF <br><br> **ORDER** <br><br> Motion to Request Defendant be <br> Remanded into Federal Custody (#13) |

This matter is before the Court on Defendant Chace Dean Sanders' Motion to Request Defendant be Remanded into Federal Custody (#13) filed February 21, 2014. Plaintiff filed a Response (#15) on March 10, 2014. Defendant Chace Dean Sanders filed his Reply (#18) on March 14, 2014, followed by a Supplement to Reply (#22) filed on March 20, 2014.

As between state and federal sovereigns, primary jurisdiction over a person is generally determined by which one first obtains custody of, or arrests the person. *See U.S. v. Cole*, 416 F.3d 894, 898 (8th Cir. 2005). Primary jurisdiction continues until the first sovereign relinquishes its priority in some way. *Id*. Therefore, a federal sentence does not begin to run when a prisoner in state custody is produced for prosecution in federal court pursuant to a federal writ of habeas corpus; rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when state authorities relinquish the prisoner on satisfaction of the state obligation. *See U.S. v. Evans*, 159 F.3d 908, 913 (4th Cir. 1998). Furthermore, a district judge's written and oral statements that a defendant is "now in federal custody" do not commence the federal sentence of a defendant who is delivered from state custody pursuant to writ of habeas corpus. *See Taylor v. Reno*, 164 F.3d 440, 446-47 (9th Cir. 1998). In *Reno,* the Ninth Circuit held that the district court did not have the power to commence a defendant's federal sentence. *Id*.

Here, Defendant specifies that he is not asking the Court for a computation of credit toward the Defendant's sentence, rather, Defendant is simply seeking an official finding that Defendant is in primary federal custody. Defendant is requesting this determination now so that there will be no dispute when the issue regarding credit for time served arises. The Court finds, however, that in this instance, the Court does not have the authority to make that determination. *See Taylor v. Reno*, 164 F.3d 440 (9th Cir. 1998). Though the Defendant is not asking the Court for a computation of credit toward the Defendant's time served, similar to *Reno*, the Court's determination that the Defendant is in primary federal custody for the purposes of later computing the time served is beyond the powers of the district judge. Furthermore, in its response to Defendant's motion, the Government points out that the Defendant was in primary state custody at the Clark County Detention Center and was brought over to federal court pursuant to a writ. *See Doc.* # 15 at pg. 3. Similar to *Evans*, the state initially having primary jurisdiction over the prisoner determines when the state authorities relinquish the prisoner into primary federal custody. Accordingly,

**IT IS ORDERED** that Defendant Chace Dean Sanders' Motion to Request Defendant be Remanded into Federal Custody (#13) is **denied.**

DATED this 25th day of March, 2014.

_George Foley Jr._
GEORGE FOLEY, JR.
United States Magistrate Judge